UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN LYNN BAILEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>GARY SWARTHOUT,<br><br>　　　　　Respondent. | No. 2:15-cv-00302 KJM DB<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, Robin Lynn Bailey, is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Therein, Bailey alleges that his rights to due process and equal protection were violated by an improper disciplinary violation for attempted escape. Respondent moves to dismiss the petition on the ground that Bailey's claims challenge the conditions of his confinement rather than its fact or duration and, therefore, are not cognizable under § 2254. For the following reasons, the undersigned finds that Bailey has failed to state a cognizable claim for habeas relief and, as a result, recommends that the petition be dismissed.

////

////

////

////

1

I.  BACKGROUND

   A.  Factual Background

Bailey is a state prisoner in California serving an indeterminate sentence of twenty-five years to life. (See Petition ("Pet.") at 2 (ECF No. 1).) In 2008, officials at the California Department of Corrections and Rehabilitation ("CDCR") held a disciplinary hearing and found Bailey guilty of escape from prison. (Pet. at 30 (ECF No. 1).) Around the same time, Bailey was also tried and convicted of "escape from prison without force or violence." People v. Bailey, 54 Cal. 4th 740, 747 (2012). In 2010, "the Court of Appeal found insufficient evidence of escape and reversed the conviction." Id. The Court of Appeal also "refused to modify the escape conviction to attempt to escape." Id. In 2012, the California Supreme Court affirmed the Court of Appeal's decision. Id. at 744. Later that year, prison officials dismissed the disciplinary charge for escape and issued Bailey a rules violation report for attempted escape. (Pet. at 30 (ECF No. 1).) At a disciplinary hearing held in 2013, Bailey was found guilty of attempted escape and assessed a 120-day forfeiture of credit. (Id. at 31; Opp'n Resp't Mot. Dismiss at 3 (ECF No. 13).) Bailey administratively appealed the 2013 disciplinary decision. (Pet. at 30–31 (ECF No. 1).) Although the examiner reduced the 120-day credit loss to zero, he sustained the finding of guilt for attempted escape. (Id. at 31).

   B.  Procedural Background

On February 5, 2015, Bailey filed a habeas corpus petition in the Eastern District of California. (Pet. (ECF No. 1).) In his petition, Bailey contends that the rules violation report for attempted escape and attendant guilty finding were "arbitrary [and] capricious and violated [his] constitutional right to due process [and] equal protection of the law." (Id. at 3). Bailey predicates these claims largely on the assertion that, under California law, "attempted escape is not a lesser included offense of escape." (Id. at 20). This rule, based on Bailey's reading of various CDCR regulations, precluded prison officials from reissuing the rules violation report on the same operative facts as the original report. (See id. at 24–26).

On May 26, 2015, the respondent ("the state") filed a motion to dismiss pursuant to Rule 4 of the Rules Governing Section 2254 Cases. (Mot. Dismiss (ECF No. 10).) Therein, the state

1  argues that Bailey failed to state a cognizable federal habeas claim because the disciplinary
2  violation for attempted escape did not "[a]ffect the [f]act or [d]uration of Bailey's [c]onfinement."
3  (Id. at 2).  This is because, in the state's assessment, Bailey "did not lose any conduct credits."
4  (Id. at 3).  Thus, according to the state, "Bailey . . . does not challenge the validity or length of his
5  sentence, but a condition of his confinement—his being disciplined for breaking prison rules."
6  (Id.)  Additionally, the state asserts that Bailey alleged only violations of state law for which
7  "[f]ederal habeas corpus relief is not available."  (Id.)

8        On July 27, 2015, Bailey filed an opposition to the state's motion to dismiss.  (Opp'n
9  Resp't Mot. Dismiss (ECF No. 13).)  In his opposition, Bailey argues that he stated cognizable
10 federal habeas claims because "expungement of the disciplinary finding could accelerate [his]
11 eligibility for parole" despite the reduction of his credit forfeiture to zero.  (Id. at 8).  To buttress
12 this argument, Bailey cites section 2402 of the California Code of Regulations for the proposition
13 that the parole board "is required to consider the violation because it reflects on [his] behavior
14 'after the crime.'"  (Id. at 7 (quoting Cal. Code Regs. tit. 15, § 2402(b)).  Bailey also insists that
15 his claims constitute violations of federal law because prison officials refused, potentially in bad
16 faith, to follow their own regulations in finding him guilty of attempted escape.  (See id. at 8, 12).

## II. STANDARD OF REVIEW

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  The Court of Appeals for the Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4.  See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  Accordingly, the undersigned will review the state's motion to dismiss pursuant to her authority under Rule 4.

      In ruling on a motion to dismiss, the court "'must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party.'"  Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)).  In general, exhibits attached to a pleading

////

are "'part of the pleading for all purposes.'" Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

## III.  LEGAL ANALYSIS

### A.  The Propriety of Considering Bailey's Claims Under § 2254

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a [civil rights] complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).  Yet the line between § 2254 and § 1983 claims sometimes blurs.  See Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (noting that the Ninth Circuit has "struggled to draw a line between habeas and § 1983 actions"), cert. denied, No. 16-6556, 2017 WL 69407 (U.S. Jan. 9, 2017); Ramirez v. Galaza, 334 F.3d 850, 855 (9th Cir. 2003) (noting that the Supreme Court has "addressed the intersection between § 1983 and writs of habeas corpus").

For instance, a prisoner may seek "relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement." Close, 540 U.S. at 751.  Conversely, a prisoner may seek habeas relief without "challenging the fact or duration of his physical confinement itself, [or] seeking immediate release or a speedier release from that confinement—the heart of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973).

In the Ninth Circuit, this lack of clarity was evident in the context of prisoners' challenges to disciplinary actions alleged to adversely impact their eligibility for parole. Initially, the Ninth Circuit held that "a prisoner could bring a petition in habeas to seek relief from various disciplinary decisions that resulted in 'forfeiture of statutory good time or segregation from the general prison population,' where the relief was for 'expungement of the incident from his disciplinary record' so long as such 'expungement [was] *likely* to accelerate the prisoner's

4

eligibility for parole.'" Nettles, 830 F.3d at 934 (quoting Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)).

Subsequently, the Ninth Circuit held that "a prisoner could not bring a habeas petition to seek expungement of a disciplinary charge where 'a successful challenge to a prison condition will not *necessarily* shorten the prisoner's sentence[.]'" Id. at 933 (quoting Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)). The following year, however, the Ninth Circuit distinguished Ramirez and held that "prisoners could bring claims in a habeas petition 'challenging aspects of their parole review' so long as success on the claims '*could potentially* affect the duration of their confinement[.]'" Id. at 933–934 (quoting Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004)).

In a recent decision, the Ninth Circuit tackled this uncertainty. See generally Nettles, 830 F.3d 922. In Nettles, the court held that "if a state prisoner's claim does not lie at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, if at all, under § 1983[.]" Id. at 931 (citations omitted).[1] Under this standard, the court concluded that the petitioner, a state prisoner in California serving a life sentence with the possibility of parole, improperly brought a challenge to a disciplinary decision under § 2254. Id. at 934–35. In 2008, the petitioner received a rules violation report for "threatening to stab a corrections officer" of which he was found guilty, resulting in a stint in segregated housing and the loss of thirty days of postconviction credit. Id. at 925–26. He subsequently filed a federal habeas petition seeking expungement of the report and restoration of the credits. Id. at 927. The district court dismissed his petition on the ground that "he could not show that expungement of the 2008 rules violation report was likely to accelerate his eligibility for parole." Id. On appeal, the petitioner argued that

---

[1] An en banc panel of eleven judges decided Nettles. Judge Ikuta announced the judgment of the court in an opinion that four judges joined in full. 830 F.3d at 924–36. Judge Berzon wrote a dissenting opinion that four judges joined in full. Id. at 938–47. In a partial concurrence, Judge Hurwitz joined "Parts I, II(A), III, and IV of Judge Ikuta's opinion." Id. at 938. Therefore, the undersigned relies on only these four sections in expounding the holding of Nettles. See Clabourne v. Ryan, 745 F.3d 362, 375–76 (9th Cir. 2014) (suggesting that, to determine "the impact of a fragmented en banc opinion," courts should consider the respective opinions to see which ones, if any, "establish a majority view on the relevant issue"), overruled on other grounds by McKinney v. Ryan, 813 F.3d 798 (9th Cir. 2015); cf. Marks v. United States, 430 U.S. 188, 193 (1977) (citation omitted) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . .").

the district court erred in dismissing his petition because, if the disciplinary decision were expunged, the parole board allegedly "would [be] more likely set his next parole hearing at an earlier date . . . , and would be more likely to give him a favorable parole ruling." Id. at 934 (citation omitted).

The Nettles court rejected this argument, reasoning that, under California law, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." Id. at 935. The court also reasoned that success on the petitioner's claim "would not even necessarily lead to an earlier parole hearing" because "the decision to grant an earlier release date on the basis of new information is placed in the discretion of the parole board." Id. (citation omitted). In sum, because success on his "claims would not necessarily lead to his immediate or earlier release from confinement," the petitioner's claims did not "fall within the core of habeas corpus." Id. (citation omitted). Consequently, he had to bring them "under § 1983." Id.

The facts in this case are materially indistinguishable from those in Nettles. Here, as in Nettles, Bailey is a state prisoner in California serving an indeterminate sentence of twenty-five years to life. (See Pet. at 2 (ECF No. 1).) Like the petitioner in Nettles, Bailey seeks "expungement of the disciplinary finding" on the ground that "it is at least 'likely' that [it] could accelerate [his] eligibility for parole." (Opp'n Resp't Mot. Dismiss at 8 (ECF No. 13).) Although Bailey asserts that the parole board must consider the violation, Cal. Code Regs. tit. 15, § 2402(b), the Nettles court explained that a rules violation—or lack thereof—does not determine the grant or denial of parole because it "is merely one of the factors shedding light" on whether a prisoner is suitable for parole, 830 F.3d at 935. Thus, "success on [Bailey's] claims would not necessarily lead to his immediate or earlier release from confinement." Id. It also bears emphasis that, whereas the petitioner in Nettles lost thirty days of postconviction credit, the examiner reduced Bailey's initial loss of 120 days to zero. Accordingly, Bailey's claims "must be brought, if at all, under . . . § 1983." Id. at 925.[2]

---

[2] Because, in view of Nettles, Bailey has failed to state cognizable § 2254 claims, the undersigned need not consider the state's alternative argument that Bailey alleged only state law violations for which federal

**B.     The Propriety of Considering Bailey's Claims Under § 1983**

"[H]abeas petitions 'may . . . be read to plead causes of action under [§ 1983]' . . . ." Id. at 935 (quoting Wilwording v. Swenson, 404 U.S. at 249, 251 (1971)). Yet this rule is not absolute. It "was developed long before the enactment of the PLRA, during a time when a court could allow a pro se litigant to replead a habeas claim as a § 1983 claim or merely ignore the error in pleading." Id. (citation omitted). After Congress enacted the PLRA, "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." Id. at 935–36 (citation omitted).

For instance, "recharacterizing a prisoner's action as a civil rights action may make it subject to the PLRA's three-strikes rule and different exhaustion requirements, as well as requiring the complaint to name a different defendant, such as the individual official responsible for the wrong rather than the warden." Id. at 936 (citation omitted). Due to such considerations, district courts should "avoid a recharacterization that disadvantage[s] a petitioner." Id. Consequently, "a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Id.

In this case, consistent with Nettles, the court will notify Bailey that he must bring his claims, if at all, under § 1983. If Bailey decides to pursue his claims under § 1983, they will be subject to the PLRA's exhaustion requirements. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted."). Furthermore, Bailey will have to amend his complaint to name the proper person(s) as defendant(s). Additionally, Bailey will have to pay a $400.00 fee ($350.00 filing fee plus $50.00 administrative fee) to pursue his claims under § 1983, see 28 U.S.C. § 1914(a), even if he proceeds in forma pauperis, see 28 U.S.C. § 1915(b)(1).

---

habeas corpus relief is unavailable. The undersigned's decision not to consider this argument does not prejudice the state from reasserting it in any future litigation on Bailey's claims.

7

The court advises Bailey to consider the potential consequences of proceeding in forma pauperis because doing so may affect his eligibility for in forma pauperis status in future actions. See 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."). Alternatively, Bailey could voluntarily dismiss his habeas petition and commence a § 1983 action on his claims. But the court cautions Bailey that, in addition to the obstacles previously mentioned, this course of action could subject him to a potential statute of limitations bar. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (stating that, under § 1983, "courts apply the forum state's statute of limitations for personal injury actions" and noting that the "California statute of limitations for . . . personal injury claims is two years").

**IV.    CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.    Respondent's motion to dismiss (ECF No. 10) be granted; and

2.    The dismissal be without prejudice to Bailey's right to pursue his claims under § 1983, whether by filing an amended complaint in the instant proceeding or by voluntarily dismissing his habeas petition and filing a § 1983 action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

////

////

////

In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed.  See Rule 11, Rules Governing § 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").[3]

Dated:  February 27, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:11
DLB1/prisoner-habeas/bail0302.mtd fr

---

[3] The Ninth Circuit decided <u>Nettles</u> well after the parties completed briefing on the state's motion to dismiss.  Naturally, Bailey did not address its impact on his claims.  If Bailey believes that <u>Nettles</u> does not require him to bring his claims, if at all, under § 1983, he can address this issue in any objections to these findings and recommendations.

9